IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CENTER CAPITAL CORPORATION, Plaintiff, | ) | CA 08 286 ML |
| v. | ) | Cause No. |
| H. ALLAN FOLLETT, Defendant. | ) | |

**COMPLAINT FOR BREACH OF CONTRACT**

NOW COMES CENTER CAPITAL CORPORATION ("CCC"), by and through counsel, and complains of the Defendant H. ALLAN FOLLETT ("Follett") as follows:

**PARTIES**

1. CCC is a Connecticut corporation with its principal place of business at 3 Farm Glen Blvd., Farmington, Connecticut 06032.

2. Upon information and belief, Follett is a citizen of Rhode Island and resides at 279 Colonel John Gardner Road, Narragansett, Rhode Island 02882-1515.

3. A&W Artesian Well Co. is a non-party Rhode Island corporation which is in receivership in the Rhode Island Superior Court, P.M. No. 06-0321.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the Defendant Follett is a citizen of Rhode Island and Plaintiff CCC is a citizen of Connecticut and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the Defendant resides in this judicial district.

## BACKGROUND

5. CCC and A&W entered into Master Loan and Security Agreement No. 21904 dated April 15, 1999 (the "Master Loan and Security Agreement" attached hereto and made a part hereof as Exhibit A); Loan Schedule No. 02 dated December 8, 2003 ("Loan Schedule No. 02" attached hereto and made a part hereof as Exhibit B); Loan Schedule No. 03 dated December 8, 2003 ("Loan Schedule No. 03" attached hereto and made a part hereof as Exhibit C); and Loan Schedule No. 04 dated March 8, 2002 ("Loan Schedule No. 04" attached hereto and made a part hereof as Exhibit D).

6. Pursuant to Loan Schedule No. 2, A&W agreed to make seventy-two (72) consecutive equal monthly payments of principle in the amount of $4,379.86, plus interest, for the purchase of certain Equipment to wit:

> One (1) 2000 Driltech Model T25K5W Drill, s/n: 732460 Mounted on One (1) 2000 Sterling Truck Model 9513, Vin: 2F2XEEDB8YAG61175, With 420' Drill Rod and any and all accessories, accessions, substitutions, replacement parts, replacements, attachments, proceeds and insurance proceeds.

(the "Schedule No. 02 Equipment").

7. A&W defaulted under Loan Schedule No. 02 to the Master Loan and Security Agreement by failing to make its monthly payment due November 1, 2005 and all payments due thereafter.

8. As of July 31, 2008, the total amount due and owing under Schedule No. 2 is $84,765.53 plus interest at $32.18 per day and attorney fees and costs pursuant to page two (2) of Schedule No. 2 and paragraph seven (7) of the Master Loan and Security Agreement.

9. Pursuant to Loan Schedule No. 3, A&W agreed to make forty-eight (48) consecutive equal monthly payments of principle, each in the amount of $1,361.46, plus interest, for the purchase of certain Equipment, to wit:

> One (1) 1993 JLG Model 2250 JBT 22.5 Ton Hydraulic Crane, s/n: 0400002502 Mounted on One (1) 1993 Ford Model LTN 8000 Truck, Vin: 1FDZW82E7PVA21255 and any and all accessories, accessions, substitutions, replacement parts, replacements, attachments, proceeds and insurance proceeds.

(the "Schedule No. 03 Equipment").

10. A&W defaulted under Loan Schedule No. 03 to the Master Loan and Security Agreement by failing to make its required monthly payments when due.

11. As of July 31, 2008, the total amount due under Schedule No. 3 is $1,021.70 plus interest at $0.38 per day and attorney fees and costs pursuant to page two (2) of Schedule No. 3 and paragraph seven (7) of the Master Loan and Security Agreement.

12. Pursuant to Loan Schedule No. 04, A&W agreed to make forty-eight (48) consecutive equal monthly payments in the amount of $5,031.48 plus interest, for the purchase of certain Equipment to wit:

> One (1) 1999 Driltech Model T25K5W Drill, s/n: 732406 Mounted on One (1) 1999 Sterling Truck Model 9513 With 420' Drill Rod And Hammer, Vin: 2FZXEEDB6XAF21351 and any and all accessories, accessions, substitutions, replacements parts replacements, attachments, proceeds and insurance proceeds.

(the "Schedule No. 04" Equipment).

13. A&W defaulted under Loan Schedule No. 04 to the Master Loan and Security Agreement for its failure to make the monthly payment due on November 1, 2005, and all payments due thereafter.

14. As of July 31, 2008, the total due under Schedule No. 4 is $14,148.63 plus interest at $5.60 per day and attorney fees and costs pursuant to page two (2) of Schedule No. 4 and paragraph seven (7) of the Master Loan and Security Agreement.

15. CCC has performed all of its obligations under the Master Loan and Security Agreement, Loan Schedule No. 2, Loan Schedule No. 3 and Loan Schedule No. 4.

**BREACH OF CONTINUING GUARANTY**

16. CCC realleges paragraphs one (1) through fifteen (15) of this Complaint as if set forth fully herein.

17. In order to induce CCC to enter into the Master Loan and Security Agreement with A&W, Loan Schedule No. 2, Loan Schedule No. 3 and Loan Schedule No. 4, Follett executed the Continuing Guaranty attached hereto as Exhibit E on April 17, 1999.

18. Pursuant to the Continuing Guaranty, Follett agreed to be personally liable for all the obligations of A&W due under the Master Loan and Security Agreement, Loan Schedule No. 2, Loan Schedule No. 3 and Loan Schedule No. 4.

19. The Continuing Guaranty provides, in part, as follows:

> Guarantor guaranties to CCC the prompt payment of all indebtedness, including, but not limited to, principal, accrued interest, costs, late charges, out of pocket expenses, and attorneys' fees, now due or hereafter becoming due to CCC in connection with the Instruments or collection thereon (including, without limitation, interest on any of the foregoing which would have accrued but for the operation of the U.S. Bankruptcy Code, if Obligor becomes subject to the same at any time), and the timely performance by Obligor of all Obligor's obligations to CCC, whether they arise pursuant to the Instruments or otherwise (collectively, the "Obligations"). This Guaranty, is and shall be construed to be, an absolute and unlimited guaranty of payment and performance, not a guaranty of collection, and Guarantor agrees to pay and/or reimburse CCC for any attorneys' fees and out of pocket expenses incurred in connection with the collection on or enforcement of this Guaranty.

20. CCC has demanded from Follett the monies due and owing by A&W under the Master Loan and Security Agreement, Loan Schedule No. 2, Loan Schedule No. 3 and Loan Schedule No. 4, however, Follett has refused to pay.

21. Follett is in default under the terms of the Continuing Guaranty.

22. As of July 31, 2007, Follett is indebted to CCC in the amount of $99,935.86 pursuant to the Master Loan and Security Agreement, Loan Schedule No. 2, Loan Schedule No. 3 and Loan Schedule No. 4, plus interest, attorney fees and costs.

WHEREFORE, CENTER CAPITAL CORPORATION respectively requests that this Court enter judgment on its behalf and against H. ALLAN FOLLETT in the amount of $99,935.86, plus interest at 18% per annum from July 31, 2008 until the date of judgment, plus attorney fees and costs.

CENTER CAPITAL CORPORATION
By its Attorneys,

Kyle Zambarano (#7171)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200 Telephone
(401) 351-4607 Facsimile
kzambarano@apslaw.com
Date: July 30, 2008

462239_1.DOC