## CONTINUING GUARANTY

THIS CONTINUING GUARANTY, effective as of the date executed, is made by the undersigned ("Guarantor"), and is given Guarantor in favor of Center Capital Corporation ("CCC"). In order to induce CCC to agree to enter into leases, loans, or to extend credit any similar manner with or to A & W Artesian Well Co. ("Obligor"), from time to time, (said agreements to lend or extend credit [eac whether written or otherwise, called an "Approval") to, if consummated, be evidenced by contracts executed on or after the date of tl Guaranty, the same being referred to herein as the "Instruments"), Guarantor guarantees to CCC the prompt payment of all indebtednes including, but not limited to, principal, accrued interest, costs, late charges, out of pocket expenses, and attorneys' fees, now due o hereafter becoming due to CCC in connection with the Instruments or collection thereon, and the timely performance by Obligor of a Obligor's obligations to CCC, whether they arise pursuant to the Instruments or otherwise (collectively, the "Obligations"). This Guaran is, and shall be construed to be, an absolute and unlimited guaranty of payment and performance, not a guaranty of collection, an Guarantor agrees to pay and/or reimburse CCC for any attorney's fees and out of pocket costs incurred in connection with the collectic on or enforcement of this Guaranty.

This is a Continuing Guaranty which is intended to apply to Obligations arising under one or more Instruments entered into from time to time (irrespective of the span of time passing between same). The Guarantor may, by notice in writing, delivered to an officer of CCC (either in person or via certified mail, return receipt requested) and signed for by said party, terminate this Guaranty, it being specificall agreed, however, that Guarantor may not terminate this Guaranty with respect to any existing Obligation or any transaction for which ar Approval has previously been given to or for the benefit of Obligor.

Guarantor will not sell, assign, encumber, transfer or otherwise dispose of all or substantially all of his/her assets (an "Asset Transfer") without written notice to and written consent from CCC. CCC has made no representation to Guarantor as to the creditworthiness of Obligor, and Guarantor represents that it has adequate means of monitoring Obligor's financial condition and agrees to keep informed of such matters as it believes might affect its liability hereunder. Guarantor further agrees that, absent a written request for information received from Guarantor and accompanied by a written consent from Obligor, CCC shall have no obligation to disclose to Guarantor any information acquired by it or on its behalf in the course of its relationship with Obligor.

Guarantor hereby waives: (a) notice of acceptance of this Guaranty; (b) presentment, notice of protest, demand, and notice of any other kind, including notice of default by Obligor, CCC, and any other guarantor or surety, and notice of the creation of new or additional Obligations (c) any right to require CCC to proceed against any person, including, without limitation, Obligor or any other guarantor, before proceeding against Guarantor; (d) any right to require CCC to proceed against any collateral for the Obligations, including Obligor's collateral, before proceeding against Guarantor; (e) any right to require CCC to apply any payments or proceeds received against the Obligations in any certain order other than as may be required by law or by the Instruments; (f) any right to require CCC to disclose any information about the Obligations, the Obligor, the collateral for any Obligation, or any other guarantor or surety; and (g) any right to require CCC to pursue any remedy or course of action in CCC's power whatsoever. Guarantor also waives any and all rights and defenses arising by reason of: (h) any statute of limitations in any action under this Guaranty or the Obligations; (i) any disability or other defense of Obligor, any other guarantor or surety for any other person; (j) the cessation of its contingent liabilities hereunder from any cause whatsoever, other than full and final payment of the Obligations; (k) notice of and/or the right to consent to any modification or change in the terms of the Obligations, whatsoever including without limitation, the renewal, extension, acceleration or other change in the time of payment of the Obligations, any notice of change in the interest rate, and any and all other notices of any kind to which Guarantor might otherwise be entitled. In addition, Guarantor hereby waives any and all rights of subrogation, reimbursement, indemnity, exoneration, contribution or any other claim arising from the existence or performance of this Guaranty, which it may now or hereafter have against Obligor or any person directly or contingently liable for the Obligations guaranteed hereunder, or against or with respect to Obligor's property (including, without limitation, property collateralizing the Obligations guaranteed hereunder). Any and all present and future indebtedness of Obligor to Guarantor is hereby postponed in favor of, and subordinated to the full payment and performance of, all present and future Obligations of Obligor to CCC. Guarantor absolutely, unconditionally and irrevocably waives, to the extent not expressly limited by law or public policy, any right to assert any defense, set-off, counterclaim, or other claim of any nature whatsoever with respect to this Guaranty, Guarantor's obligations hereunder, or the Obligations, including any claim that any provision of the Instruments is unenforceable or that any irregularity or other alleged defect of this Guaranty impairs its enforceability. Guarantor waives any and all rights, claims and defenses including suretyship defenses and/or defenses arising or alleged to arise on any theory that the terms of this Guaranty are unconscionable and acknowledges that the obligations of Guarantor under this Guaranty are neither larger in amount nor more burdensome than those of Obligor under any of the Instruments. Guarantor also waives any rights or defenses which it may have by reason of protections afforded to the Obligor with respect to the Obligations pursuant to any applicable anti-deficiency laws. Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to law or public policy.

If Guarantor or Obligor should at any time die, enter into or attempt to enter into an Asset Transfer without CCC's prior written approval, or become insolvent or make a general assignment for the benefit of creditors, or if a proceeding shall be commenced by or against Guarantor or Obligor under the United States Bankruptcy Code or any State insolvency law, or an event of default occurs on the Obligations, Guarantor's obligations under this Guaranty shall forthwith become due and payable without notice. If any claim is made upon CCC at any time for the repayment or recovery of any amount(s) or other value received by CCC from any source(s) in payment of or on account of any of the Obligations guaranteed hereunder, and CCC repays or otherwise becomes liable for all or any part of such claim, for whatever reason, Guarantor shall remain liable to CCC hereunder as if such amount(s) had never been received by CCC, notwithstanding any claim of satisfaction or termination hereof or the termination of the Instruments.

guaranty.ind 4/96 (5)

EXHIBIT

E

This Guaranty shall be binding upon Guarantor and its heirs, legatees, distributees, successors, assigns, executors and administrator and shall inure to the benefit of the successors and assigns of CCC (each, an "Assignee"). Guarantor may not delegate any of i obligations under this Guaranty. CCC shall have the right to assign and transfer this Guaranty to one or more assignees of the Obligation or Instruments. Any Assignee shall have the rights, remedies and privileges, discretions granted hereunder to CCC and shall have the rig to rely upon this Guaranty in the same manner and with the same force and effect as if they were specifically named as the recipier hereof. Guarantor agrees that he will not assert against any Assignee any claim or defense which he may claim to have against the Obligo or CCC. Any subsequent guaranty given by Guarantor or by any other party on behalf of the Obligor shall not be considered to substitut for or to terminate this Guaranty, but will be construed only to provide additional protection for Obligor. No delay on the part of CCC i exercising any rights hereunder or any failure to exercise the same shall operate as a waiver of such rights; no notice to or demand or Guarantor shall be deemed to be a waiver of the obligations of Guarantor or of the right of CCC to take further action without notice o demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty be effective unless i writing, nor shall any such waiver be applicable except in the specific instance for which given. Guarantor warrants, represents and agree: that this Guaranty fully incorporates the agreements and understanding of Guarantor with CCC with respect to the subject matter hereo and all prior negotiations, drafts, and other extrinsic communications between Guarantor and CCC are merged herein. Guarantor furthe agrees that it has read and fully understands the terms of this Guaranty and/or has had the opportunity to consult its attorney with respec to this Guaranty.

This Guaranty is delivered in the State of Connecticut and shall be governed, construed and interpreted, as to validity, enforcement, and in other respects (excepting, however, the application of its conflicts of law rules), by the laws of the State of Connecticut, and no defense given or allowed by the laws of any other State or Country shall be interposed in any action hereon unless such defense is also given or allowed by the laws of the State of Connecticut, such defense, in any event, being subject to the terms and conditions contained elsewhere herein. Guarantor consents and agrees that if CCC so elects, the state and federal courts in the State of Connecticut shall have exclusive jurisdiction of all controversies and disputes arising hereunder. Guarantor hereby consents and submits to the personal jurisdiction of such courts and waives any objection Guarantor may have to the venue or the convenience of such forums. Guarantor hereby agrees to provide to CCC such information as to the business affairs and financial condition of Guarantor as CCC may, from time to time, reasonably request and to notify CCC of any change of address of Guarantor no less than ten (10) days prior to such event. If any provision or part of any provision of this Guaranty is in conflict with any applicable statute, rule of law, or matter of public policy, then such provision, or part thereof, as the case may be, shall be deemed null and void in conflicting applications without invalidating the remaining provisions hereof or the remaining part of such provision, or the applicability of such provision in non-conflicting applications.

CCC may join any claim against Guarantor arising from this Guaranty with or into a single action or proceeding against other guarantors of the Obligations, and Guarantor waives its rights to have such claims tried by separate action. (The foregoing sentence is intended to allow CCC to establish a convenient forum to resolve all common legal liabilities arising in connection with the Obligations, and does not infer that the Guarantor is jointly and severally liable with other guarantors.) Guarantor hereby waives trial by jury and the right thereto in any action or proceeding of any kind arising on, out of, under or by reason of this Guaranty.

[Jury Trial Waiver signature line] _H. Allan Follett_ (signature)
H. Allan Follett

IN WITNESS WHEREOF, this Guaranty has been duly executed as of the date shown below.

Witness:

X _(signature)_
(Signature)

X _J.F. MORIARTY_
(Print Name)

_4 17 GC_

BY: X _H. Allan Follett_

TYPE NAME: _H. Allan Follett_

RESIDENCE ADDRESS:

X _279 Colonel John Gardner Rd._
(Street)

X _Narragansett R.I. 02882_
(City or Town) (State) (Zip Code)

guaranty.ind 4/96 (5)